FILED
United States Court of Appeals
Tenth Circuit

December 6, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JANE DOE, minor child who is unborn,
by and through her father and next friend,
John Doe,

     Plaintiff - Appellant,

v.

MIKE HUNTER, in his official capacity
as Oklahoma Attorney General; KEVIN
STITT,* in his official capacity as
Oklahoma Governor; WILLIAM P.
BARR,** in his official capacity as
U.S. Attorney General; U.S.
DEPARTMENT OF JUSTICE;
UNITED STATES OF AMERICA,

     Defendants - Appellees.

No. 19-5005
(D.C. No. 4:18-CV-00408-JED-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

---

* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kevin Stitt is substituted for Mary Fallin as the defendant-appellee in this action.

** In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, William P. Barr is substituted for Matthew G. Whitaker as the defendant-appellee in this action.

*** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH**, Chief Judge, **KELLY** and **HARTZ**, Circuit Judges.

_____

Jane Doe, an unborn child of less than 22 weeks' gestational age acting through her father, sought to challenge the exceptions for legal abortions in the fetal-homicide laws of the United States and Oklahoma.[1]  The district court dismissed for lack of Article III standing.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.      *Legal Background*

In *Roe v. Wade*, 419 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), the Supreme Court concluded that before a fetus is viable, a pregnant woman has a due process right to choose to have an abortion without undue interference of the state.

After *Roe* and *Casey* were issued, both the United States and Oklahoma enacted statutes that criminalize the killing of an unborn child.  *See* 18 U.S.C. § 1841(a) (providing that conduct that violates listed federal criminal provisions "and thereby causes the death of, or bodily injury . . . to, a child, who is in utero at the time the conduct takes place, is guilty of a separate offense under this section");

---

[1] The parties have not informed the court of when or whether Doe was born; the governments do not know her status, and Doe's father has remained silent on the matter.  We do not consider the case moot, however, because due to the short period of human gestation, cases involving abortion fall within the exception for matters capable of repetition yet evading review. *See Roe v. Wade*, 410 U.S. 113, 125 (1973).

Okla. Stat. tit. 21, § 691 (defining homicide as "the killing of one human being by another" and defining "human being" to include an "unborn child"). In compliance with *Roe* and *Casey*, both statutes explicitly except legal abortions, performed with the consent of the mother, from the conduct that is criminalized. *See* 18 U.S.C. § 1841(c); Okla. Stat. tit. 21, § 691(C)(1). Doe seeks to challenge these statutory exceptions (the Exceptions).

### B.    *Doe's Claims*

Doe alleges that the Exceptions: (1) violate her Fifth and Fourteenth Amendment rights to equal protection based on differential treatment of born and unborn human beings and among unborn human beings; (2) violate her Fifth and Fourteenth Amendment rights to substantive due process, by depriving her of the right to life; (3) violate her Fifth and Fourteenth Amendment rights to substantive due process, by depriving her of the rights to liberty and bodily integrity; and (4) violate 42 U.S.C. § 1983 by depriving her of the rights to equal protection, life, bodily integrity, and to be free from discrimination.[2] As relief, she requests: (1) a permanent injunction prohibiting the defendants "from enforcing or preserving the . . . Exceptions or taking other similar discriminatory action against [Doe] or other minor children who are unborn"; (2) a declaratory judgment that the Exceptions "are unconstitutional and unenforceable in all of their applications and on their face";

---

[2] The § 1983 claim relies on the same constitutional provisions as the other claims. For convenience, we consider the claims as substantive due process and equal protection claims, without separately discussing § 1983.

3

(3) a declaratory judgment "that [Doe] and minor children who are unborn have the right to a guarantee of equal protection, substantive due process, and life under the Fourteenth and Fifth Amendments to the United States Constitution and shall not be deprived of these rights"; and (4) any other relief the court deems proper. Aplt. App. at 24.

### C. Principles of Article III Standing

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing has three elements: (1) an injury in fact, (2) that "fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court," and (3) that is likely to be redressed by a favorable decision. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (internal quotation marks omitted).

"[W]e assess standing as of the time a suit is filed." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 426 (2013). "Standing is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (citation, brackets, and internal quotation marks omitted). It is Doe's burden to establish her standing. *See Lujan*, 504 U.S. at 561.

This case was decided at the Fed. R. Civ. P. 12 motion-to-dismiss stage. "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element

4

[of standing]." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (ellipsis and internal quotation marks omitted). "[B]oth the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *United States v. Supreme Court of N.M.*, 839 F.3d 888, 899 (10th Cir. 2016) (internal quotation marks omitted).

### D.    *The District Court's Ruling*

The district court held that Doe failed to show any of the requirements of standing. It first held that Doe had "not alleged any facts supporting the conclusion that the threat of injury to [her] is both real and immediate, not conjectural or hypothetical." Aplt. App. at 95 (internal quotation marks omitted). Noting that the complaint used the term "could"—that Doe *could* be subjected to an abortion—the district court stated that "the Complaint is conspicuously silent as to the actual intent of [Doe's] mother to seek an abortion. Nowhere does the Complaint allege that [Doe's] mother is seeking to or is likely to terminate her pregnancy." *Id.* Accordingly, the court concluded that Doe's alleged injuries were hypothetical and dependent upon the choices made by her mother, an independent actor who was not before the court.

The district court further stated that even if it were to assume an injury in fact, Doe could not establish traceability or redressability. It pointed out that the federal exception itself does not authorize abortions. Instead, it is Supreme Court precedent that protects a woman's right to choose to abort a non-viable fetus. "[Doe's] asserted injury is not fairly traceable to [§ 1841(c)], and the injunctive and declaratory relief

5

she seeks concerning [§ 1841(c)] would not prevent her mother from legally obtaining an abortion under *Roe* and *Casey*." Aplt. App. at 96. Further, Oklahoma also is bound by *Roe* and *Casey*, and whatever its fetal-homicide provisions, they would be unenforceable as to legal abortions.

Doe had argued that her situation should be analogized to pre-enforcement standing, whereby a plaintiff need not expose herself to liability by violating an allegedly unconstitutional law before challenging it in court. The district court rejected this theory, stating that "there is no threatened action by the state or federal government in this case, and [Doe] is not exposed to liability under the challenged statutory provisions. The reasoning behind pre-enforcement standing does not apply to [Doe's] claims." *Id.* at 97.

## II. DISCUSSION

Our review of a plaintiff's Article III standing is de novo. *See Benham v. Ozark Materials River Rock, LLC*, 885 F.3d 1267, 1272 (10th Cir.), *cert. denied*, 139 S. Ct. 174 (2018). Doe has failed to show an injury in fact or traceability for her substantive due process claims, and she has failed to show traceability for her equal protection claims. Accordingly, we affirm the district court's dismissal for lack of Article III standing without needing to consider redressability.

### A. *Injury in Fact*

To establish injury in fact, Doe must show she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal

6

quotation marks omitted). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S. Ct. at 1548 (internal quotation marks omitted). "A concrete injury must be *de facto*; that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—real, and not abstract." *Id.* (citation and internal quotation marks omitted). And while "imminence" is a "somewhat elastic concept," "it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Lujan*, 504 U.S. at 564 n.2 (internal quotation marks omitted). Allegations of possible future injury do not establish an injury in fact. *See Clapper*, 568 U.S. at 409; *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

"[S]tanding is affected by the nature of the relief sought." *Baca v. Colo. Dep't of State*, 935 F.3d 887, 909 (10th Cir. 2019), *petition for cert. filed* (U.S. Oct. 16, 2019) (No. 19-518). Doe seeks injunctive relief rather than damages. "To obtain prospective relief, a plaintiff must show a credible threat of future harm." *Id.* at 910; *see also Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (stating that when a plaintiff seeks prospective relief, he or she "must be suffering a continuing injury or be under a real and immediate threat of being injured in the future").

### 1.    *Substantive Due Process Claims*

Doe's substantive due process claims allege that she is being deprived of her rights to life, liberty, and bodily integrity. But as the district court pointed out, the complaint does not establish that Doe's mother ever sought an abortion or even had

7

any intention of doing so.  The complaint uses the terms "could" and "can" to describe the harm to life and liberty that Doe allegedly faces.  These allegations do not establish a concrete, particularized injury that is actual, imminent, or certainly impending.  *See Clapper*, 568 U.S. at 410 (holding that allegations that the government could intercept plaintiffs' communications were speculative and insufficient to establish injury in fact); 15 *Moore's Federal Practice*, § 101.40[4][b][i] (Matthew Bender 3d Ed.) (recognizing that "[s]tanding may also be denied on the ground that the injury is only hypothetical in the sense that the plaintiff *could* have been injured, but was not").

Rather, this case appears more analogous to *Diamond v. Charles*, 476 U.S. 54, 66-67 (1986), in which the Supreme Court held that "Article III requires more than a desire to vindicate value interests.  It requires an injury in fact that distinguishes a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem."  (citation and internal quotation marks omitted).  "Diamond's claim of conscientious objection to abortion [did] not provide a judicially cognizable interest."  *Id.* at 67.

Doe argues that a "substantial risk" of injury is sufficient, *see Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." (internal quotation marks omitted)), and she asserts that the fact that her mother could seek an abortion at any time establishes such a "substantial risk" to her life and liberty.  Like Doe's other allegations, this argument

8

requires hypothesizing about what Doe's mother "could" do.  But hypotheticals do not establish that Doe is subject to any risk, much less a substantial risk, that her mother will seek an abortion.  Accordingly, this argument similarly falls short of establishing an injury in fact.

Doe also renews her analogy to pre-enforcement standing.  The Supreme Court has noted that "[o]ne recurring issue in [its] cases is determining when the threatened enforcement of a law creates an Article III injury.  When an individual is subject to such a threat, an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Id.*

> Instead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent.  Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.

*Id.* at 159 (internal quotation marks omitted).  "[A] 'credible' threat of prosecution [is] one that arises from an objectively justified fear of real consequences." *Bronson v. Swensen*, 500 F.3d 1099, 1107 (10th Cir. 2007) (internal quotation marks omitted).

As Doe argues, pre-enforcement standing recognizes that a plaintiff should not have to incur a grave injury before seeking vindication of a legal interpretation. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 134 (2007) ("The rule that a plaintiff must destroy a large building, bet the farm, or (as here) risk treble damages and the loss of 80 percent of its business before seeking a declaration of its actively contested legal rights finds no support in Article III.").  But Doe is not being faced

with a choice or being asked to "bet the farm" on anything; she simply is trying to assert the Exceptions are unconstitutional. There is no reason why the traditional requirements for showing injury in fact are not adequate for these circumstances. Moreover, for the same reason she fails to show injury in fact as to her due process claims, Doe fails to satisfy the "credible threat" aspect of pre-enforcement standing.

### 2. Equal Protection Claims

In contrast, for equal protection claims, the injury is the denial of equal treatment. *See Ne. Fla. Chapter*, 508 U.S. at 666; *Citizen Ctr. v. Gessler*, 770 F.3d 900, 913 (10th Cir. 2014); *Petrella v. Brownback*, 697 F.3d 1285, 1294 (10th Cir. 2012); *Am. Civil Liberties Union of N.M. v. Santillanes*, 546 F.3d 1313, 1319 (10th Cir. 2008). In light of this precedent, Doe's averments that she is being discriminated against and denied the same protections as born human beings and other unborn human beings sufficiently allege an injury in fact.

### B. Traceability

"To satisfy the traceability requirement, the defendant's conduct must have caused the injury." *Benham*, 885 F.3d at 1273 (citing *Lujan*, 504 U.S. at 560). The plaintiff must show that "the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court." *Ne. Fla. Chapter*, 508 U.S. at 663 (internal quotation marks omitted). "Although the traceability of a plaintiff's harm to the defendant's actions need not rise to the level of proximate causation, Article III does require proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact."

10

*Habecker v. Town of Estes Park*, 518 F.3d 1217, 1225 (10th Cir. 2008) (internal quotation marks omitted).

### 1.     *Substantive Due Process Claims*

While Doe ostensibly challenges the Exceptions as a violation of her substantive due process rights, it is inescapable that any injuries to life, liberty, or bodily integrity she may suffer flow not from the Exceptions, but from *Roe* and *Casey*. Accordingly, Doe has failed to establish that her alleged substantive due process injuries are traceable to the Exceptions.

### 2.     *Equal Protection Claims*

Finally, Doe argues that the statutes themselves discriminate and deny equal treatment. Again, however, it is apparent that Doe's real quarrel is with *Roe* and *Casey*. If any equal protection injury exists, it does not come from the United States and Oklahoma enacting the Exceptions, but rather from *Roe* and *Casey*. Doe therefore has failed to establish any injury is sufficiently traceable to the defendants to provide standing to challenge the Exceptions.

### CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

11